**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| MICHAEL T. BRAILFORD, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. PX-24-568 |
| STATE OF MARYLAND, et al., | * | |
| Respondents. | * | |
| | *** | |

**<u>MEMORANDUM OPINION</u>**

Petitioner Michael T. Brailford, a state prisoner confined at the Eastern Correctional Institution in Westover, Maryland, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he collaterally attacks his 1997 conviction for first-degree murder. ECF Nos. 1 & 9. Respondents argue that the Petition should be dismissed as time-barred. ECF No. 6. Pursuant to *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002), the Court afforded Brailford an opportunity to explain why the Petition should not be dismissed. ECF Nos. 10 & 11. The Court has reviewed the briefing and finds no need for an evidentiary hearing. *See* Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts; *see also* D. Md. Loc. R. 105.6. For the reasons stated below, the Petition will be dismissed as time-barred and a certificate of appealability shall not issue.

## I.    Background

The following summary of evidence is taken from the Appellate Court of Maryland's decision on Brailford's direct appeal. ECF No. 6-1 at 19. On March 5, 1996 at 1:30 PM, Baltimore City police found Rual Williams dead, lying fully clothed on a bed, with fresh injuries to his head and face, and wood slivers and sawdust on his back. After speaking with four people at the scene,

Officer Velte secured the rowhouse and summoned the homicide unit.  Further investigation revealed similar wood slivers located in a downstairs room, the kitchen, and the stairs leading to where Williams' body was found.  No other physical evidence, such as fingerprints or blood, linked Brailford to the crime.

But Brailford and his wife, who both rented a room in the same home as Rual Williams, admitted to police that they were with Williams that night.  Another tenant, Glen Edwards, testified he had given Williams his rent money with Brailford present, but upon Edwards' return the next day, he learned that Williams was dead.  And Alphonso Edwards, Jr., also a tenant, testified that he returned to the house between 11:30 a.m. and 12:00 p.m. on the day Williams was found, encountered Brailford, and the two proceeded to Williams' room.  They found Williams fully clothed and lying on his back on the bed, and Alphonso Edwards surmised that Williams had passed out from drinking the night before.  Narcissus Williams then appeared at the front door and told the men that she had been trying to get into Rual Williams's room all night, and when she finally did, she found his lifeless body on the bed.  Narcissus Williams also testified that earlier in the day, Rual Williams had put over $400 in his wallet, and after the murder, the wallet and Williams' favorite jacket were missing.  The medical examiner estimated the time of death to have been between 9:00 p.m. on March 4th and 9:00 a.m. on March 5th.  Williams also had internal injuries consistent with a severe beating.  In short order, Brailford and his wife moved into Rual Williams room and tried to take over his job as the house rent collector.

Brailford was indicted on May 31, 1996.  ECF No. 6-1 at 4.  He was first tried in mid-December of that year, which ended in a hung jury.  *Id*. at 5-6.  The retrial occurred between December 30, 1996, and January 6, 1997, after which the jury found Brailford guilty of first-degree murder.  *Id*. at 4,7.  The State's theory at trial was that Brailford had beaten Williams to

death on the first floor, then dragged him upstairs and laid him on Williams' bed. Brailford was sentenced on February 18, 1997, to life imprisonment without the possibility of parole. *Id*.

Brailford noted a timely direct appeal in which he challenged the sufficiency of the evidence. ECF No. 6-1 at 18. The Maryland Appellate Court affirmed the judgment on February 13, 1998. *Id.* at 43-55. Brailford next petitioned for a writ of certiorari with the Supreme Court of Maryland which the court denied on June 25, 1998. *Id.* at 56-84. He did not seek review in the United States Supreme Court.

Brailford separately applied for a three-judge panel review of his sentence on March 20, 1997. ECF No. 6-1 at 7. The motion was denied on May 5, 1997. *Id*. at 8. Brailford moved for reconsideration pursuant to Md. Rule 4-345 on May 13, 1997, which was denied on June 9, 1997. *Id*. at 8.

Brailford next filed a state post-conviction motion on February 2, 1999, pursuant to the Maryland Uniform Postconviction Procedure Act. ECF 6-1 at 8. The postconviction court denied the motion by written decision on August 27, 1999. *Id*. at 9. Brailford moved for leave to appeal the denial of postconviction relief which the Maryland Appellate Court denied on April 4, 2000, *id.* at 85-88, and the mandate issued on May 11, 2000. *Id*. at 89. Fifteen years later, on May 28, 2015, Brailford filed a petition for writ of actual innocence, which was denied on August 18, 2016. ECF 6-1 at 10, 12.

Almost nine years after that, on March 22, 2024, this Court docketed Brailford's federal habeas petition (the "Petition") which was postmarked February 20, 2024. ECF No. 1; ECF No. 1-5 at 1. The Petition argues that the murder conviction must be overturned because of: (1) insufficient evidence; (2) ineffective assistance of trial counsel; (3) a defect in the indictment; and (4) error in failing to give a lesser-included offense instruction to the jury. ECF No. 1.

Brailford also alludes to instances of alleged prosecutorial misconduct and due process deprivations, but with little evidentiary support relevant to his case. ECF No. 1-2 at 2; ECF No. 1-4.

On March 4, 2024, the Court directed Respondents to answer the Petition. ECF No. 4. Respondents did, singularly contending that the Petition must be dismissed as time-barred. ECF No. 6. The Court next warned Brailford that the Petition may be dismissed as untimely unless he could show otherwise. ECF No. 10. *See Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002).

Brailford, in response, defends the late filing as one arising from the State's "many evidence violations," to include the failure to disclose nonspecific "exculpatory evidence." ECF No. 11 at 2-3. He also accuses the State of withholding evidence and law enforcement witnesses of lying in other cases. *Id.* at 4; ECF No. 9-5 at 14-20. Brailford also mistakenly believed that his lawyer had been "filing and processing" the Petition; but then, his lawyer passed away on December 31, 2014, and Brailford does not know the law. ECF No. 9-1 at 1-2. For the following reasons, the federal Petition is time-barred and Brailford has not provided sufficient grounds to excuse its untimeliness.

## II.    Analysis

28 U.S.C. § 2244 provides that a federal habeas petition must be filed within one-year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was

> initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). However, the time during which a "properly filed" state post-conviction petition remains pending does not count toward the one-year limitation period. 28 U.S.C. § 2244(d)(2). Nor does the time during which a motion to reduce sentence under Maryland Rule 4-345 is pending. *Mitchell v. Green*, 922 F.3d 187, 195 (4th Cir. 2019) (quoting *Wall v. Kholi*, 562 U.S. 545, 555 (2011)) (internal quotation marks omitted).

The one-year limitation may also be equitably tolled in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)). To be entitled to equitable tolling, a petitioner must establish that the respondent's wrongful conduct contributed to the filing delay or that "extraordinary circumstances" beyond petitioner's control "made it impossible to file the claims on time." *See Harris*, 209 F.3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.*

For Brailford, the murder conviction became final on September 23, 1998, once the time to petition the United States Supreme Court for certiorari had passed. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Further, while the one-year clock was running, Brailford filed his state post-conviction petition on February 2, 1999, which stopped the clock until May 11, 2000. After the mandate issued on the Appellate Court's denial of leave to appeal,

the one-year clock recommenced.  ECF No. 6-1 at 89.  *See Carey v. Saffold*, 536 U.S. 214, 219–20 (2002) ("[A]n application is pending as long as the ordinary state collateral review process is 'in continuance' - i.e., until the completion of that process.").

Brailford next did nothing until he filed his state petition for actual innocence fifteen years later, on May 28, 2015.  ECF No. 6-1 at 10.  By this time, the one-year period to file his federal habeas petition had long since passed, and the actual innocence petition did not revive the federal limitations period.  *See Gray v. Waters*, 26 F.Supp.2d 771, 772 (D. Md. 1998) (holding the limitations period "does not begin to run anew for a year following denial of state post-conviction remedies"); *Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (stating a state court filing after the federal deadline expired does not revive the federal limitations period); *Smith v. McGinnis,* 208 F.3d 13, 17 (2d Cir. 2000) (explaining that a state postconviction proceeding commenced after the one-year limitation period has already expired does not "reset" the start of the limitation period).

However, even if filing the petition for actual innocence somehow tolled limitations, that petition was denied on August 18, 2016, ECF No. 6-1 at 12.  Brailford took no further action for seven more years, until March 22, 2024, when he filed his federal habeas Petition.  ECF No. 1.  Accordingly, the Petition is clearly time-barred.

Brailford also does not provide any other grounds for extending the time to file the Petition.  Although Brailford generally claims that the prosecutor and lead detective had committed misconduct in other cases and makes generalized allegations that he lacked access to case materials, he fails to articulate any details that would permit the resurrection of a new limitations period.  *See* 28 U.S.C. § 2244(d)(1)(B) or (D).  Nor does he proffer any evidence relevant to his case that he had discovered within the year before filing the Petition.  28 U.S.C. § 2244(d)(1).

6

Brailford also does not demonstrate that equitable tolling should apply. Simply because he lacks legal training or has not secured counsel will not suffice. *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

Last, Brailford does not make a "credible showing of actual innocence" that "may allow a prisoner to pursue his constitutional claims on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). Such a showing may include producing "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup* v. *Delo*, 513 U.S. 298, 324 (1995). Brailford offers no such evidence. Instead, he generally proclaims his innocence and accuses the State of misconduct in other cases. His proffer simply does not meet the demanding actual innocence standard. Consequently, the Petition must be denied as time-barred.

## III.    Certificate of Appealability

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Brailford has not made such a showing. Thus, the Court declines to issue a certificate of appealability. Brailford may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

7

8

## IV.   Conclusion

Based on the foregoing, the Petition for Writ of Habeas Corpus filed by Michael T. Brailford  (ECF Nos. 1 & 6) is DENIED and a certificate of appealability will not issue.  A separate Order follows.


<u>    4-13-26    </u>
Date

<u>              /s/              </u>
Paula Xinis
United States District Judge

8